IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE R. ALSTON<br>10012 Cedarhollow Lane<br>Largo, Maryland 20774<br>(Prince George's County), | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. _____ |
| HARTFORD FINANCIAL SERVICES, INC.<br>One Hartford Plaza<br>Hartford, Connecticut 06155, | ) ) ) ) ) ) | |
| Defendant. | ), | |

## NOTICE OF REMOVAL

Defendant, The Hartford Financial Services Group, Inc., named in the Complaint

as Hartford Financial Services, Inc. (collectively, "Hartford"),[1] by undersigned counsel,

hereby removes this action from the Circuit Court of Maryland for Prince George's

County ("Circuit Court") to the United States District Court for the District of Maryland:

### JURISDICTION UNDER 28 U.S.C. § 1331

1.      Plaintiff filed this lawsuit in the Circuit Court, where it is numbered

CAL12-17625, on or about June 6, 2012.

---

[1] It appears that Plaintiff, in naming "Hartford Financial Services, Inc." in the Complaint, erroneously omitted the word "Group" from the name of the party defendant. By correcting this error, Hartford does not admit that The Hartford Financial Services Group, Inc. is the proper defendant with respect to the factual allegations of the Complaint.

12331/0/01161109.DOCXv1

2.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Count One of the Complaint asserts claims under a federal statute, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

3.      The Court has supplemental jurisdiction over the only other claim asserted in the Complaint, Count Two, a claim under Md. Code, Commercial Law § 14-1201 et seq.

## REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

4.      Pursuant to 28 U.S.C. § 1446(a), attached are the Summons (Exhibit 1A) and Complaint (Exhibit 1B), which are the only papers served on Defendant in this action.

5.      Pursuant to 28 U.S.C. § 1446(b), Defendant has filed this notice of removal within 30 days after first receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Plaintiff served the Summons and Complaint on Defendant by certified mail, postmarked July 7, 2012, and Defendant first received the Summons and Complaint on July 11, 2012.  There are no other defendants in this action, and therefore no other party needs to consent to this notice of removal.

6.      The provisions of 28 U.S.C. § 1446(c) are not relevant because Defendant is removing based upon the jurisdiction conferred by 28 U.S.C. § 1331.  In any event, Defendant is filing this notice of removal less than one year after commencement of this action in the Circuit Court.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendant is giving written notice of removal to all adverse parties and is filing a copy of the notice with the Clerk of the Circuit Court.  A copy of that notice is attached hereto as Exhibit 2.

Respectfully submitted:

_Steven A. Book_

Steven M. Klepper, No. 26664
Steven A. Book, No. 29951
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
(410) 752-6030
sklepper@kg-law.com
sbook@kg-law.com

Attorneys for Defendant

Dated: July 31, 2012

### CERTIFICATE OF SERVICE

I hereby certify that, on July 31, 2012, a copy of this notice of removal, with exhibits, was sent by first-class mail, postage prepaid, to the *pro se* plaintiff, Yvonne R. Alston, 10012 Cedarhollow Lane, Largo, Maryland 20774.

_Steven A. Book_

Steven A. Book