## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND
(Civil Division)

| | |
|---|---|
| YVONNE R. ALSTON )<br>10012 Cedarhollow Lane )<br>Largo, MD 20774 )<br>     )<br>     Plaintiff,   )<br>     )<br>v.    ) <br>     )<br>HARTFORD FINANCIAL SERVICES, INC. )<br>One Hartford Plaza )<br>Hartford, Connecticut 06155 )<br>Serve:  Richard G. Costello )<br>     )<br>     Defendant.  ) | CIVIL ACTION NO. CAL12-17625<br>JURY TRIAL DEMANDED<br><br>LAW DEPARTMENT<br><br>JUL 11 '12<br><br>RECEIVED |

### COMPLAINT

COMES NOW the Plaintiff, Yvonne R. Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant Hartford Financial Services, Inc. ("Hartford") and alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and the Miscellaneous Consumer Protection Provisions, Md. Code §14-1201 *et seq.* (MCPP).

### PARTIES

2.  The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and MCPP, Md. Code §14-1201(c).

3.  Defendant Hartford is an investment and insurance company and is considered a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b) and the MCPP, Md. Code §14-1201(j).

4.     Defendant Hartford was incorporated in Delaware and has a principal office in Hartford, Connecticut.

## FACTS

5.     On July 17, 2011 Ms. Alston obtained her credit report from Transunion and discovered that in July of 2010 Hartford pulled her credit report without a permissible purpose.

6.     Ms. Alston is not a customer of Hartford.

7.     During the time period from July 2010 to July 17, 2011 Ms. Alston did not receive any offer of insurance or credit from Hartford.

8.     Upon information and belief Hartford did not make a firm offer of credit or insurance to Ms. Alston.

9.     On or about July 19, 2011 Ms. Alston sent correspondence to Hartford inquiring as to the reason Hartford pulled her credit.

10.    On or about August 8, 2011 a Hartford employee named Sharon from the Consumer Affairs department left Ms. Alston a voice mail message. In her message Sharon said she was looking into the matter and would provide a response as soon as the investigation was done.

11.    Neither Sharon nor any other Hartford employee contacted Ms. Alston again to explain the reason for pulling her credit report in July 2010.

## COUNT ONE: VIOLATIONS OF FCRA

12.    Plaintiff realleges and incorporates paragraphs 1 through 11 above as if fully set out herein.

13.    Defendant Hartford violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by U.S.C. §1681b(a).

14. As a result of conduct, actions and inactions of Hartford, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

15. Hartford's conduct, actions and inactions were willful, rendering Hartford liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Hartford was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

16. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Hartford in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATIONS OF MCPP

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

18. Defendant Hartford violated Md. Code §14-1202(a) by obtaining Plaintiff's consumer report without a permissible purpose.

19. As a result of conduct, actions and inactions of Hartford, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

20. Hartford's conduct, actions and inactions were willful, rendering Hartford liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code §14-

1213(a). In the alternative, Hartford was negligent, entitling the Plaintiff to recover under Md. Code §14-1213(b).

21. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Hartford in an amount to be determined by the Court pursuant to Md. Code §14-1213(a) and §14-1213(b).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against Hartford Financial Services, Inc.; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

YVONNE R. ALSTON

By *Yvonne R. Alston* (signature)

Yvonne R. Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927